IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **TOM HALE**,<br><br>    Appellant,<br><br>v.<br><br>**ELIZABETH LOVERIDGE**, Chapter 7 Trustee,<br><br>    Appellee. | REPORT AND RECOMMENDATION RE: MOTION TO DISMISS APPEAL (ECF NO. 3)<br><br>Case No. 2:16-CV-00408-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

  Appellee Elizabeth Loveridge, Chapter 7 Trustee ("Trustee Loveridge"), moves the Court pursuant to Bankruptcy Rule 8013(a)(1) to dismiss the Appeal of Tom Hale, appellant and debtor in the bankruptcy appeal. (Mot. to Dismiss, ECF No. 3.) Mr. Hale appealed the Bankruptcy Court's decision to grant Trustee Loveridge's Motion to for Turnover of Funds in Possession of Chapter 13 Trustee. (Notice of Appeal, ECF No. 1.) Trustee Loveridge argues that Mr. Hale lacks standing because he failed to either appear or object to the Trustee's Motion in Bankruptcy Court. (Mot. to Dismiss 1, ECF No. 3.) Having reviewed Trustee Loveridge's Motion to Dismiss, the undersigned agrees that Mr. Hale lacks standing to appeal. The undersigned RECOMMENDS the District Court grant Trustee Loveridge's Motion to Dismiss.

## DISCUSSION

**I. Mr. Hale Lacks Standing to Appeal the Bankruptcy Court's Order**

  Trustee Loveridge argues correctly that the Tenth Circuit only allows "person[s] aggrieved" standing to appeal a bankruptcy court decision. *See Weston v. Mann*, 18 F.3d 860, 863–64 (10th Cir. 1994) ("We have adopted the 'persons aggrieved' test for standing to appeal

1

from a bankruptcy court's decision.") (quoting *Holmes v. Silver Wings Aviation, Inc.,* 881 F.2d 939, 940 (10th Cir. 1989)).

"Prerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding." *Weston*, 18 F.3d at 864 (10th Cir. 1994) (quoting *Matter of Schultz Mfg. Fabricating Co.,* 956 F.2d 686, 690 (7th Cir. 1992)). Standing to challenge a bankruptcy court order also requires that the order "directly and adversely affect[] pecuniarily" the debtor's "rights or interests." *C.W. Mining Co. v. Aquila, Inc.*, 636 F.3d 1257, 1260 (10th Cir. 2011) (quoting *Holmes v. Silver Wings Aviation, Inc.,* 881 F.2d 939, 940 (10th Cir. 1989)).

According to the record, Mr. Hale received notice of Trustee Loveridge's Motion for Turnover, (Notice of Mot. to Terminate Stay of Bankr. Proceedings & Mot. for Turnover of Funds in Possession of Chapter 13 Trustee & Notice of Opportunity for Hearing, Bankr. Docket No. 828), and filed no response (*see* Bankr. Docket Nos 829-831). Additionally, Mr. Hale received notice of a hearing on the Motion, scheduled for May 4, 2016, and did not attend. (Bankr. Docket No. 828; Bankr. Docket Entry, May 4, 2016.) Based on these filings and the lack of opposition to the Motion to Dismiss, the undersigned find Mr. Hale did not attend and object at the Bankruptcy Court proceeding. Therefore, Mr. Hale lacks standing to appeal the Bankruptcy Court's Order.

Parties appealing from a bankruptcy court order bear the burden of demonstrating that they possess the requisite standing to bring their challenge before the district court. *See Lopez v. Behles,* 14 F.3d 1497, 1500 (10th Cir. 1994). Mr. Hale falls short of this burden without evidence demonstrating that he attended and objected at the bankruptcy proceeding. Any party wishing to appeal must attend and object at the bankruptcy proceeding so that parties raise issues initially in the appropriate forum and not for the first time on appeal. Such procedural requirements

"preserve the integrity of the appellate structure." *Tele-Commc'ns, Inc. v. C.I.R.*, 104 F.3d 1229, 1233 (10th Cir. 1997). The undersigned RECOMMENDS the District Judge dismiss Mr. Hale's appeal for lack of standing.

## RECOMMENDATION

Because Mr. Hale does not have standing to appeal the Bankruptcy Court's order and failed to attend and object at the bankruptcy proceeding, the undersigned RECOMMENDS the Court grant Trustee Loveridge's Motion to Dismiss Appeal (ECF No. 3.)

This Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 10th day of March, 2017.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge