IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **TOM HALE**, <br>     Appellant, <br><br> v. <br><br> **ELIZABETH LOVERIDGE**, Chapter 7 Trustee, <br>     Appellee. | REPORT AND RECOMMENDATION: MOTIONS TO DISMISS APPEALS (ECF Nos. 3 & 10) <br><br> Case No. 2:16-cv-00408-DB-EJF <br><br> District Judge Dee Benson <br> Magistrate Judge Evelyn J. Furse |

The undersigned previously recommended the District Court grant Chapter 7 Trustee Elizabeth Loveridge's Motion to Dismiss Tom Hale's appeal, (Mot. to Dismiss Appeal, ECF No. 3). (R. & R. to Dismiss Appeal, ECF No. 8.) That Report and Recommendation found Mr. Hale lacked standing to appeal the bankruptcy court decision because he failed to meet the "person aggrieved" test. (R. & R., ECF No. 8), see Weston v. Mann, 18 F.3d 860, 863–64 (10th Cir. 1994) ("adopt[ing] the 'persons aggrieved' test for standing to appeal from a bankruptcy court's decision") (quoting Holmes v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir. 1989)). While Mr. Hale never opposed the Trustee's motion, on July 27, 2016 Mr. Hale filed an "Amended Notice of Appeal" that attempts to add Mr. Leon Williams as a co-appellant. (ECF No. 6.) Because the original Report and Recommendation omitted discussion of Mr. Hale's amended appeal, the District Judge recommitted the matter to the undersigned. (Order Recommitting Matter to Magistrate Judge, ECF No. 9.)

After the District Judge's Order, Trustee Loveridge filed a second Motion to Dismiss targeting "the appeal of Leon Williams suggested by the filing of an Amended Notice of Appeal." (Mot. to Dismiss Appeal of Leon Williams, ECF No. 10.) The Court

received and granted a request from Leon Williams seeking additional time to respond to the Trustee's Motion. (Ex Parte Request for Extension of Time, ECF No. 11; Docket Text Order, ECF No. 12.) Mr. Williams's extended deadline elapsed, and the Court received no response. Having now reviewed the two pending Motions to Dismiss, along with the Amended Notice of Appeal, the undersigned RECOMMENDS the District Court grant the Motions. Mr. Hale fails to satisfy the "person aggrieved" standing test, and Mr. Williams failed to file a timely notice of appeal.

## DISCUSSION

The present Report and Recommendation adopts the analysis of the former Report and Recommendation as to Mr. Hale's lack of standing. (See R. & R., ECF No. 8 (applying "person aggrieved" standard).) Parties appealing from a bankruptcy court order bear the burden of demonstrating that they possess the requisite standing to bring their challenge before the district court. See Lopez v. Behles, 14 F.3d 1497, 1500 (10th Cir. 1994). Nothing in Mr. Hale's Amended Notice of Appeal changes the conclusion that Mr. Hale falls short of the prerequisites for the "person aggrieved" test. See Weston, 18 F.3d at 864 (requiring "attendance and objection at a bankruptcy court proceeding.").

Mr. Williams, a creditor of Mr. Hale's who participated in the bankruptcy court proceedings, failed to file his own timely notice of appeal of the decision, and the Court lacks jurisdiction over his untimely appeal.

As detailed in Trustee Loveridge's second Motion, the Federal Rules of Bankruptcy Procedure (Rules) outline the relevant deadline for Mr. Williams to appeal. Rule 8002(a)(1) provides that a person must file any notice of appeal within fourteen

days after entry of the bankruptcy court's order. Fed. R. Bankr. P. 8002. Mr. Hale's timely notice of appeal triggered Rule 8002(a)(3), which provides "[i]f one party files a timely notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise allowed by this rule, whichever period ends later." Id. Mr. Hale filed his notice with the bankruptcy court on May 9, 2016 prior to the official order on May 16, 2016. (Suppl. Bankruptcy Docket, Exh. 2, ECF No. 1-2.) For timing purposes, Rule 8002(a)(2) treats Mr. Hale's early appeal as if he filed the day of the order. Fed. R. Bankr. P. 8002. Therefore, Mr. Williams's deadline to appeal passed on May 30, 2016.

The failure to file a timely notice of appeal constitutes a "jurisdictional defect barring appellate review by the district court." Deyhimy v. Rupp, 970 F.2d 709, 710 (10th Cir. 1992); Latture v. Latture, 605 F.3d 830, 832 (10th Cir. 2010) (same).

## RECOMMENDATION

Because Mr. Hale lacks standing to appeal the Bankruptcy Court's order, the undersigned RECOMMENDS the District Court grant Trustee Loveridge's first Motion to Dismiss Appeal, (ECF No. 3). Additionally, because the Court lacks jurisdiction over Mr. Williams's untimely appeal, the undersigned RECOMMENDS the District Court grant Trustee Loveridge's second Motion to Dismiss. (Mot. to Dismiss Appeal of Leon Williams, ECF No. 10.)

This Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen

(14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 18th day of August, 2017.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge

4